AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ DISTRICT OF _____

V.

SUMMONS IN A CIVIL CASE

CASE NUMBER:

## 05 CV 5297

TO: (Name and address of defendant)

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

APR 1 3 2006

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
============================================

JAMES KUSHNER, as Administrator for the Estate of
GEORGE PHILLIP KUSHNER, deceased,

Plaintiff,

-against-

SCHERVIER NURSING CARE CENTER,
NEW YORK PRESBYTERIAN HOSPITAL
AT ALLEN PAVILLION, THE NEW YORK
& PRESBYTERIAN HOSPITALS, INC., AND
THE UNITED STATES OF AMERICA,

Defendants.

============================================

Date Filed: _____

Docket No.: 05-CV-5297

Plaintiff designates New York
County as place of trial.

**_AMENDED SUMMONS_**

The basis of the venue is:
Where the act or omissions at
issued occurred.

**To the above-named Defendants:**

*You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

DATED:    Hauppauge, New York
          April 12, 2006

STEVEN L. ALTER, ESQ. (9680SA)
KELLY & GROSSMAN, LLP
Attorneys for Plaintiff
888 Veterans Memorial Highway, Suite 210
Hauppauge, New York 11788
Phone: (631) 864-5575
Fax: (631) 864-5572
Our File No.: 04-243A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JAMES KUSHNER, as the Adminstrator for the
state of GEORGE PHILLIP KUSHNER, deceased,

        Plaintiff,

   -against-

SCHERVIER NURSING CARE CENTER,
NEW YORK PRESBYTERIAN HOSPITAL AT
ALLEN PAVILLION, THE NEW YORK &
PRESBYTERIAN HOSPITALS, INC. and
THE UNITED STATES OF AMERICA

        Defendants,

------------------------------------------------------------------X

Docket No.:  05 CV 5297

**AMENDED VERIFIED
COMPLAINT**

Plaintiff, by his attorneys KELLY & GROSSMAN, LLP, as and for the Complaint

against the Defendants, respectfully alleges as follows:

## GENERAL ALLEGATIONS RELATING TO ALL CAUSES OF ACTION

1. That at the commencement of this action, plaintiff resides in the County of New York and State of New York.

2. At all times hereinafter mentioned, plaintiff, **JAMES KUSHNER**, was duly appointed the Administrator of the Estate of **GEORGE PHILLIP KUSHNER**, deceased, on March 24, 2004, by the Surrogates Court of New York County.

3. Prior to the commencement of this action, a Notice of Claim was duly served upon defendant **THE UNITED STATES OF AMERICA** on behalf of plaintiff herein on February 25, 2005.

4. That more than six (6) months have elapsed since presentation of said claim and no adjustment or payment has been made.

5. This Courts jurisdiction is predicated upon 28 U.S.C. §1346 (b).

6. That this action is being commenced within two years and six months after accrual of this cause of action, or within the time allowed by law.

7. At all times hereinafter mentioned, defendants **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.,** were and still are domestic corporations duly authorized and existing under and by virtue of the laws of the State of New York.

8. The defendants, **SHERVIER NURSING CARE CENTER, THE UNITED STATES OF AMERICA, NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION and THE NEW YORK PRESBYTERIAN HOSPITALS INC.,** at all times hereinafter mentioned are collectively known as the "Defendants".

9. That at all times hereinafter mentioned, the defendant the **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.,** was and still is the owner and/or operator of a health-care facility, nursing home, geriatric center and/or rehabilitation center know as The New York Presbyterian Hospital at Allen Pavilion which is located at 5141 Broadway, New York, New York 10034.

10. That all times hereinafter mentioned, the Defendant **THE NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.,** managed, operated, maintained and controlled The New York Presbyterian Hospital at Allen Pavilion.

11. Upon information and belief, at all times hereinafter mentioned, the defendant **THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.** presented New York Presbyterian Hospital at Allen Pavilion as a hospital duly qualified and capable of rendering adequate medical services, including treatment/surgery for the public and for such purposes as

required by hired doctors, nurses and technicians, attendants and other personnel.

12.    Upon information and belief, at all times hereinafter mentioned, the defendant, **THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.** presented New York Presbyterian Hospital at Allen Pavilion as a geriatric center, rehabilitation center, adult care facility, and/or nursing home facility duly qualified, and capable, of rendering adequate nursing and rehabilitation care and treatment to the public, for such purposes as required by hired doctors, nurses, technicians, attendants and other personnel.

13.    That at all times hereinafter mentioned, the defendant **THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.** represented that physicians, residents, nurses and other medical personnel in its employ or on its staff were competent and qualified to render medical care and services in accordance with good and accepted standards of medical practice.

14.    At all times hereinafter mentioned, the Defendants, their agents, servants, and/or employees, undertook and agreed to render health services and/or medical care to plaintiff's decedent **GEORGE PHILLIP KUSHNER**, and did render certain treatment at all times hereinafter mentioned, specifically including but not limited to, the period in or about December 2002.

15.    That in or about December 2002, plaintiff's decedent **GEORGE PHILLIP KUSHNER** was admitted to, and was a patient of, New York Presbyterian Hospital at Allen Pavilion.

16.    That at all times hereinafter mentioned, defendant **THE UNITED STATES OF AMERICA** managed, operated, maintained and/or controlled the Veterans Administration hospital located at 130 West Kingsbridge Road, Mail Stop 136, Bronx, New York 10468.

17.    Upon information and belief at all times hereinafter mentioned, defendant **THE UNITED STATES OF AMERICA** presented itself as a hospital duly qualified, and capable, of

rendering adequate medical care, treatment and surgery to the public, for such purposes as required by hired doctors, nurses, technicians, attendants and other personnel.

18.     That at all times hereinafter mentioned, defendant **THE UNITED STATES OF AMERICA** represented that the physicians, residents, nurses and other medical personnel in its employ or on its staff were competent, and qualified, to rendered medical care and services in accordance with good and accepted standards of medical practice.

19.     At all times hereinafter mentioned, defendant **THE UNITED STATES OF AMERICA** and its agents, servants, and/or employees, undertook and agreed to render medical care to the plaintiff's decedent, **GEORGE PHILLIP KUSHNER**, and did render certain treatment at all times hereinafter mentioned, including but not limited to, in or about February 2003 through May 29, 2003.

20.     That in or about February 2003 through May 29, 2003, plaintiff's decedent, **GEORGE PHILLIP KUSHNER**, was admitted to, and was a patient of The Veterans Administration Hospital, ("THE VA HOSPITAL"), located at 130 West Kingsbridge Road, Mail Stop 136, Bronx, New York 10468.

21.     At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER** has and/or continues to have its principal place of business at 2975 Independence Avenue, Bronx, New York 10463.

22.     At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER** was authorized to conduct business as a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

23.     At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER** leased a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

24.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, maintained a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

25.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, managed a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

26.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, controlled a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

27.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, owned a geriatric center, adult care facility, and/or nursing home facility located at 2975 Independence Avenue, Bronx, New York 10463.

28.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, operated a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

29.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, supervised a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

30.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, was inspected as a geriatric center, adult care facility, and/or nursing home facility, located at 2975 Independence Avenue, Bronx, New York 10463.

31.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER**, conducted business as a geriatric center, adult care facility, and/or nursing home facility located at 2975 Independence Avenue, Bronx, New York 10463.

32.     At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER** for consideration, offered to render competent and adequate nursing home services, patient transportation services, rehabilitation services, laboratory services, pharmacy services, diagnostic services, treatment services, physical assistant services, nursing, and in general, all necessary services to give proper, adequate and competent care with adequate attention to members of the general public and, more particularly, to Plaintiff herein, and further presented itself to such individuals as having the, necessary personnel, necessary equipment, necessary supplies, and basic facilities to perform the same.

33.     That in reliance upon the foregoing, plaintiff's decedent came under, and/or submitted, to the care and attention of defendant **SHERVIER NURSING CARE CENTER** during a continuous course of treatment, beginning in or about December 2003 or January 2004.

34.     That at all times mentioned herein, plaintiff's decedent clearly communicated a history of various complaints, signs, symptoms, pains, sensations and other physical and/or mental occurrences to said Defendants and/or their agents, servants, associates, partners, and /or employees.

35.     Defendants, their agents, servants, partners and/or employees were in fact negligent in their rendered care to plaintiff's decedent **GEORGE PHILLIP KUSHNER**, and this negligence includes the following: in negligently and carelessly failing to use reasonable care in services and care rendered for and on behalf of plaintiff's decedent; negligently and carelessly failing to heed plaintiff's decedent's condition; in negligently and carelessly departing from good and accepted medical practice in treatment rendered upon plaintiff's decedent; in negligently and carelessly failing to perform indicated procedures and/or improperly said indicated procedures; in negligently and carelessly failing to take proper history and physical examination prior to instituting treatment of plaintiff's decedent George Phillip Kushner's medical condition; in negligently and carelessly departing from accepted and good

practices and procedures in rendering services to plaintiff's decedent; in negligently and carelessly failing to timely diagnose and treat plaintiff's decedent George Phillip Kushner; in negligently and carelessly failing to treat plaintiff's decedent's pressure ulcers; in negligently and carelessly failing to properly nourish and hydrate plaintiff's decedent and realize and treat the severe consequences of complications associated with plaintiff's decedent's condition; in negligently and carelessly failing to possess knowledge and required skill for the proper treatment of plaintiff's decedent's conditions; in negligently and carelessly performing routine and/or required testing; in negligently and carelessly failing to perform routine and/or required testing; and in otherwise being careless, negligent, reckless and grossly negligent.

36.     That the care and rendered treatment by Defendants, their agents, servants and/or employees, to plaintiff's decedent, was negligent, careless, reckless, grossly negligent, and committed acts and/or omissions constituting professional negligence and were deviations from accepted medical standards and practices in the community then and there prevailing, which deviations from accepted practices and standards have resulted in serious permanent injuries including but not limited to, decubitus ulcers and eventually his death.

37.     That by reason of the foregoing, plaintiff's decedent, **GEORGE PHILLIP KUSHNER**, sustained severe and permanent personal injuries; became sick, sore, lame and disabled; and suffered mental anguish all of which resulted in the death of plaintiff's decedent.

38.     That by reason of the foregoing, plaintiff's decedent, **GEORGE PHILLIP KUSHNER**, suffered extreme, conscious pain and anguish for a period of time prior to his demise.

## AS AND FOR A FIRST CAUSE
## OF ACTION FOR NEGLIGENCE

39.    Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1-38 of this Complaint with the same force and effect as if same were set forth at full length herein.

40.    Defendants owed a duty to residents of their geriatric center, nursing home and/or adult living facility, including Plaintiff, to protect nursing home residents and their rights pursuant to Public Health Law §2801-d, as enumerated in Public Health Law §2803-c, and common-law.

41.    Defendants had a statutory obligation to protect nursing home resident's rights, including Plaintiff, as set forth in Public Health Law §2803-c and to provide reasonable, diligent care under the circumstances.

42.    Defendants and/or their agents, servants, associates, partners, and/or employees acted negligently, recklessly and/or in otherwise wrongful manner in that they:

    a.    negligently, carelessly and recklessly failed to move Plaintiff's decedent on a regular basis;

    b.    negligently, carelessly and recklessly allowed decubitis ulcers or pressure ulcers to occur on Plaintiff's decedent's body;

    c.    failed, and omitted, to regularly shift Plaintiff's decedent position in bed to avoid constant pressure against his skin;

    d.    negligently, carelessly and recklessly failed, and omitted, to take any steps necessary to avoid reduction of the blood supply to pressure areas of Plaintiff's decedent's skin;

e.   negligently, carelessly and recklessly failed, and omitted, to assist Plaintiff's decedent in frequent movements to avoid the development of decubitis ulcers, lesions or pressure sores;

f.   failed and omitted to prevent the development of decubitis ulcers or pressure sores;

g.   failed, and omitted, to properly treat decubitis ulcers or pressure sores;

h.   failed, and omitted, to identify pressure sores in any timely fashion;

i.   failed, and omitted, to relieve pressure on infected areas that had developed decubitis ulcers, pressure sores, and/or lesions;

j.   failed, and omitted, to use special foam and/or sheepskin cushions to reduce pressure;

k.   failed to comply with 42 CFR § 483.20(b)(1), which mandates that a resident's comprehensive assessment must include at least the following requirements: customary routine; physical functioning and structural problems; continence; disease diagnoses and health conditions; dental and nutritional status; skin condition; activity pursuit; and special treatments and procedures;

l.   failed, and omitted, to comply with 42 CFR § 483.25 (c), which mandates that based on the comprehensive assessment of the resident, the facility must ensure that: (a) a resident who enters the facility without pressure sores, does not develop pressure sores, and (b) a resident having pressure sores, receives necessary treatment, and services to promote healing, prevent infection and

prevent new sores from developing; m. failed, and omitted, to comply with 42 CFR § 483.40(c), which mandates that the resident must be seen by a physician at least once every 30-days for the first 90-days of admission and at least once every 60-days thereafter;

n.    failed, and omitted, to comply with 10 NYCRR § 415.12, which mandates that each resident shall receive and the facility shall provide the necessary care and service to attain or maintain the highest practicable physical, mental, and psycho social well-being, in accordance with the comprehensive assessment and plan of care subject to the resident's right of self-discrimination;

o.    failed, and omitted, to comply with 10 NYCRR § 415.12 (a) (1), which provides that a facility must ensure that a resident's abilities in activities of daily living do not diminish unless circumstances of the individual's clinical condition demonstrate that diminution was unavoidable. This includes the resident's ability to: bathe, dress and groom, transfer and ambulate; toilet; eat; and use speech, language or other functional communication systems;

p.    failed, and omitted, to follow 10 NYCRR § 415.12 (c), which provides, based on the comprehensive assessment of a resident, that the facility shall ensure that: (1) a resident who enters the facility with pressure sores, does not develop pressure sores, unless the individual's clinical condition demonstrates that they were unavoidable despite every reasonable effort to prevent them; and (2) a resident having pressure sores receives all necessary reatment

and services to promote healing, prevent infection and prevent new sores from developing; q. failed, and omitted, to comply with 10 NYCRR § 415.3(a), which mandates that a resident has a right to a dignified existence with respect, consideration and privacy in treatment and care for personal needs and communication with and access to persons and services inside and outside the facility;

r.  failed, and omitted, to take any steps to avoid infection in Plaintiff's decedent's skin.

s.  failed, and omitted, to keep the area clean and free of dead tissue;

t.  failed, and omitted, to treat Plaintiff's decedent with salt water rinses to remove loose, dead, tissue;

u.  failed, and omitted, to treat the pressure sores or decubitis ulcers with special gauze dressing, or to provide any treatment whatsoever, to Plaintiff's decedent's sores and/or lesions;

v.  negligently, carelessly, and/or recklessly failed and omitted to attach the appropriate significance to redness and tenderness around the area of the pressure sores and/or lesions;

w.  failed, and omitted, to attach the appropriate significance to skin surrounding the pressures sores and/or lesions being warm and swollen;

x.  failed, and omitted, to change position at least every two hours in order to relieve pressure;

y.  failed, and omitted, to provide daily range of motion exercises for Plaintiff's decedent;

z.  failed, and omitted, to wash Plaintiff's decedent on a regular basis;

aa.    failed, and omitted, to follow protocols regarding skin care, including inspecting the skin every day, keeping the skin clean, keeping the skin dry and relieving areas of moisture near the skin;

bb.    failed, and omitted, to make a timely diagnosis of plaintiff's decedent's condition;

cc.    failed, and omitted, to undertake timely and proper tests, examinations, procedures, studies and/or surgery;

dd.    failed, and omitted, to undertake timely and proper tests, examinations, procedures, studies, surgery, pre- and post-surgical care, and, in general, in rendering medical care, attention, treatment and/or care to the plaintiff's decedent;

ee.    failed, and omitted, to understand the clinical analysis, laboratory analysis, history, physical examination, complaints, pains, signs and/or symptoms so that a proper and timely diagnosis could be made an/or a proper course of treatment could have been provided;

ff.    failed, and omitted, to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examination, information, services, surgery, pre- and post-surgical care, attentions, studies, laboratory and/or radiological examinations and/or facts to Plaintiff and/or his family; and

gg.    failed, and omitted, to conform to the accepted standards of care and skill in providing nursing, geriatric, nursing home and health-aide care to plaintiff's decedent.

43.    That Plaintiff is not seeking to recover any damages for which it has been reimbursed and/or are covered by insurance and/or collateral sources or which same are obligated to pay and/or reimburse.

44.    As a result of the foregoing acts and/or omissions, plaintiff's decedent was subject to Defendant's negligence, causing plaintiff's decedent to be forced to undergo medical treatment, incur medical expenses, suffer disfigurement, disability, pain and suffering, mental anguish, and loss of enjoyment of life.

45.    Plaintiff also alleges *res ipsa loquitor.*

## AS AND FOR A SECOND CAUSE OF ACTION
## UPON THEORIES OF STATUTORY LIABILITY

46.    That Plaintiff repeats, reiterates and realleges each and every allegation contained in of the Complaint set forth in paragraphs 1-45 herein inclusive with the same force and effect as though said allegations were herein fully set at full length.

47.    At all times hereinafter mentioned, defendant **SHERVIER NURSING CARE CENTER** and **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION** and **THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.,** conducted business as an adult health care facilities, as licensed and defined under New York Public Health Law §2801(2).

48.    At all times hereinafter mentioned, defendants **SHERVIER NURSING CARE CENTER** and **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILIONA and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.,** had possession, and control, of the building(s) where the adult care facilities are located.

49.    At all times hereinafter mentioned, defendants **SHERVIER NURSING CARE CENTER** and **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION, and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.** are geriatric centers, adult living

facilities and/or a nursing homes, which provide nursing care to sick, invalid, infirmed, disabled, or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law §2801(2).

50.     At all times hereinafter mentioned, defendants **SHERVIER NURSING CARE CENTER** and **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION, and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC**. are residential health care facilities as defined in New York Public Health Law §2801(3).

51.     At all times material hereto, defendants **SHERVIER NURSING CARE CENTER** and **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION, and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC**. were subject to the provisions of New York Public Health Law §§2801-d and 2803-c, as well as the rules and regulations set forth in 42 U.S.C. §1395(i), et seq., 42 C.F.R. Part 483, and 10 N.Y.C.R.R. Part 415.

52.     Plaintiff's decedent, **GEORGE PHILLIP KUSHNER** entered the defendants' facilities for care, treatment, supervision, management, and/or rehabilitation.

53.     Plaintiff's decedent, **GEORGE PHILLIP KUSHNER** was under the exclusive care, custody, control, treatment, rehabilitation, supervision and management of the Defendants.

54.     At the time of plaintiff's decedent's admission to Defendants' facilities, his potential for continued rehabilitation was considered to be good.

55.     However, during plaintiff's decedent residency at the Defendant's facilities, he developed, or was improperly treated, and sustained one or more decubitus on his sacral area; Defendants' negligence in care and treatment caused open wounds and bleeding, among other conditions.

56.     Plaintiff and plaintiff's decedent complained to Defendants' staff regarding the neglect, improper, and/or inadequate care and treatment that caused a stage four bed sore to develop on plaintiff's decedent, and failed to diagnose and treat a stroke.

57.    Plaintiff's decedent injuries were substantially contributed to, created, or caused by the acts and/or omissions of Defendants.

58.    Plaintiff's decedent injuries were substantially contributed to, created, or caused by Defendant's violation of Plaintiff's rights afforded by New York Public Health Law §2801-d and enumerated in Public Health Law §2803-c.

59.    Defendants have a statutorily mandated responsibility to provide plaintiff's decedent with enumerated rights, granted to nursing home residents by Public Health Law §2801- d, and enumerated in Public Health Law §2803-c for the protection of nursing home residents.

60.    Defendants' responsibilities and obligations to plaintiff's decedent, as outlined in Public Health Law §2803-c, are non-delegable, and thus Defendants have direct and/or vicarious liability for violations, deprivations, and infringements of such responsibilities and obligations by any person or entity under Defendants' control, direct or indirect, including its employees, agents, consultants and independent contractors, whether inhouse or outside entities, individuals, agencies, or pools, or caused by Defendants' policies, whether written or unwritten, or common practices.

61.    Defendants, their employees, agents, consultants and independent contractors deprived plaintiff's decedent  of his protective rights pursuant to Public Health Law §2801-d, enumerated in Public Health Law §2803-c.

62.    All acts, and omissions, committed by employees and agents of Defendants were pervasive, omnipresent events that occurred, and continued, throughout plaintiff's decedent residency at Defendants' facilities, and were such that supervisors, administrators, and managing agents of the Defendant, knew, or should have been aware of such.

63.    In addition to damages suffered by the plaintiff's decedent and as the result of the

Defendants' deprivation of plaintiff's decedents rights as a nursing home resident, justice requires that Plaintiff be entitled to recover attorneys fees pursuant to Public Health Law §2801-d(6), and punitive damages pursuant to Public Health Law §2801-d (2), and costs.

64. Plaintiff's decedent was forced to undergo medical treatment, incurred medical expense, suffered disfigurement, disability, pain, suffering, mental anguish, suffered, loss of enjoyment of life as a result of Defendants' acts and/or omissions. These injuries sustained by him were preventable with adequate care, nourishment, and hydration.

65. As a result of the foregoing acts and/or omissions, plaintiff's decedent was denied his rights under Public Health Law §2801-c.

66. As a result of the foregoing, Plaintiff seeks damages, plus attorneys fees pursuant to Public Health Law §2801-d(6), punitive damages pursuant to Public Health Law §2801-d(2), and costs.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE ESTATE OF GEORGE PHLIIP KUSHNER AND HIS DISTRIBUTEES FOR THE WRONGFUL DEALTH UNDER A THEORY OF MEDICAL MALPRACTICE

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-66 of this complaint with the same force and effect as if set forth at full length herein.

68. That prior to the death of plaintiff's decedent, and as a result of the foregoing, said decedent suffered grievous physical and emotional injury, pain and suffering, for a substantial period of time prior to his demise, along with loss of quality and enjoyment of life, which resulted in his wrongful death on May 30, 2003.

69. As a result of the recklessness, carless, negligence and medical malpractice of the Defendants as aforementioned decedent's distributes of the Estate of George Philip Kushner

have suffered damages, including pecuniary loss, as a result of the wrongful death of the deceased.

70. That by reason of the foregoing, plaintiff's decedent has been damaged by Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-70 of this complaint with the same force and effect as if set forth at full length herein.

72. That Defendants failed to inform **GEORGE PHILLIP KUSHNER** of the risks, hazards, and alternatives of treatment rendered to plaintiff's decedent.

73. That Defendants undertook to and did conceal the risks, hazards and alternative treatment available to and/or rendered to plaintiff's decedent, **GEORGE PHILLIP KUSHNER,** at Defendant's facilities as well s the injuries suffered by him.

74. That plaintiff's decedent sustained severe injuries and conscious pain and suffering prior to the time of death.

75. That by reason of the foregoing, plaintiff James Kushner, has been damaged.

## AS AND FOR A FIFTH CAUSE OF ACTION
## BASED UPON A THEORY OF MEDICAL MALPRACTICE
## FOR CONCIOUS PAIN AND SUFFERING

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-75 of this complaint with the same force and effect as if set forth at full length herein.

77.    That at all times mentioned herein, the plaintiff's decedent, **GEORGE PHILLIP KUSHNER**, related a history of various complaints, signs, symptoms, pains, sensations and other physical and/or mental occurrences to the Defendants and/or their agents, servants, associates, partners and/or employees.

78.    That at all times mentioned herein, the plaintiff's decedent, **GEORGE PHILLIP KUSHNER**, submitted to various tests, examinations, procedures, treatments and techniques, both oral and physical, performed by or at the special instance and request of the Defendants and/or their agents, servants, associates, partners and/or employees.

79.    Tthat at all times mentioned herein, Defendants and/or their agents, servants, associates, partners and/or employees, were aware or should have been aware of the results, import, findings and/or consequences of the history, complaints, signs, symptoms, pains, sensations and occurrences being experienced by the plaintiff's decedent, as well as the results, import findings and/or consequences of the tests, examinations, procedures, treatments and/or techniques performed on the plaintiff's decedent by said Defendants, their agents, servants, employees, associates and/or partners.

80.    That in view of the foregoing, the course of treatment, advice, diagnosis, medical care and attention, prescriptions, tests, examinations, studies, surgery, pre and post surgical care, procedures and/or techniques given to and/or performed on the plaintiff's decedent by the Defendants, their agents, servants, associates, partners and/or employees was not in accord with the accepted standards for the proper practice of medicine, which are generally recognized within the local, state or national community.

81.    That the Defendants, their agents, servants, associates, partners and/or employees, by acts of commission and/or omission were negligent, careless and reckless and departed from accepted medical practice in the following ways:

a.    negligently, carelessly and recklessly failed to move Plaintiff's decedent on a regular basis;

b.    negligently, carelessly and recklessly allowed decubitis ulcers or pressure ulcers to occur on Plaintiff's decedent's body;

c.    failed, and omitted, to regularly shift Plaintiff's decedent position in bed to avoid constant pressure against his skin;

d.    negligently, carelessly and recklessly failed, and omitted, to take any steps necessary to avoid reduction of the blood supply to pressure areas of Plaintiff's decedent's skin;

e.    negligently, carelessly and recklessly failed, and omitted, to assist Plaintiff's decedent in frequent movements to avoid the development of decubitis ulcers, lesions or pressure sores;

f.    failed and omitted to prevent the development of decubitis ulcers or pressure sores;

g.    failed, and omitted, to properly treat decubitis ulcers or pressure sores;

h.    failed, and omitted, to identify pressure sores in any timely fashion;

i.    failed, and omitted, to relieve pressure on infected areas that had developed decubitis ulcers, pressure sores, and/or lesions;

j.    failed, and omitted, to use special foam and/or sheepskin cushions to reduce pressure;

k.    failed to comply with 42 CFR § 483.20(b)(1), which mandates that a resident's comprehensive assessment must include at least the following requirements: customary routine; physical functioning

and structural problems; continence; disease diagnoses and health conditions; dental and nutritional status; skin condition; activity pursuit; and special treatments and procedures;

l.    failed, and omitted, to comply with 42 CFR § 483.25 (c), which mandates that based on the comprehensive assessment of the resident, the facility must ensure that: (a) a resident who enters the facility without pressure sores, does not develop pressure sores, and (b) a resident having pressure sores, receives necessary treatment, and services to promote healing, prevent infection and prevent new sores from developing; m. failed, and omitted, to comply with 42 CFR § 483.40(c), which mandates that the resident must be seen by a physician at least once every 30-days for the first 90-days of admission and at least once every 60-days thereafter;

n.    failed, and omitted, to comply with 10 NYCRR § 415.12, which mandates that each resident shall receive and the facility shall provide the necessary care and service to attain or maintain the highest practicable physical, mental, and psycho social well-being, in accordance with the comprehensive assessment and plan of care subject to the resident's right of self-discrimination;

o.    failed, and omitted, to comply with 10 NYCRR § 415.12 (a) (1), which provides that a facility must ensure that a resident's abilities in activities of daily living do not diminish unless circumstances of the individual's clinical condition demonstrate that diminution was unavoidable. This includes the resident's ability to: bathe, dress

and groom, transfer and ambulate; toilet; eat; and use speech, language or other functional communication systems;

p.    failed, and omitted, to follow 10 NYCRR § 415.12 (c), which provides, based on the comprehensive assessment of a resident, that the facility shall ensure that: (1) a resident who enters the facility with pressure sores, does not develop pressure sores, unless the individual's clinical condition demonstrates that they were unavoidable despite every reasonable effort to prevent them; and (2) a resident having pressure sores receives all necessary reatment and services to promote healing, prevent infection and prevent new sores from developing; q. failed, and omitted, to comply with 10 NYCRR § 415.3(a), which mandates that a resident has a right to a dignified existence with respect, consideration and privacy in treatment and care for personal needs and communication with and access to persons and services inside and outside the facility;

r.     failed, and omitted, to take any steps to avoid infection in Plaintiff's decedent's skin.

s.    failed, and omitted, to keep the area clean and free of dead tissue;

t.     failed, and omitted, to treat Plaintiff's decedent with salt water rinses to remove loose, dead, tissue;

u.    failed, and omitted, to treat the pressure sores or decubitis ulcers with special gauze dressing, or to provide any treatment whatsoever, to Plaintiff's decedent's sores and/or lesions;

v.    negligently, carelessly, and/or recklessly failed and omitted to attach the appropriate significance to redness and tenderness around the area of the pressure sores and/or lesions;

w.    failed, and omitted, to attach the appropriate significance to skin surrounding the pressures sores and/or lesions being warm and swollen;

x.    failed, and omitted, to change position at least every two hours in order to relieve pressure;

y.    failed, and omitted, to provide daily range of motion exercises for Plaintiff's decedent;

z.    failed, and omitted, to wash Plaintiff's decedent on a regular basis;

aa.    failed, and omitted, to follow protocols regarding skin care, including inspecting the skin every day, keeping the skin clean, keeping the skin dry and relieving areas of moisture near the skin;

bb.    failed, and omitted, to make a timely diagnosis of Plaintiff's decedent's condition;

cc.    failed, and omitted, to undertake timely and proper tests, examinations, procedures, studies and/or surgery;

dd.    failed, and omitted, to undertake timely and proper tests, examinations,
procedures, studies, surgery, pre- and post-surgical care, and, in general, in rendering medical care, attention, treatment and/or care to the Plaintiff's decedent;

ee.    failed, and omitted, to understand the clinical analysis, laboratory analysis, history, physical examination, complaints, pains, signs

and/or symptoms so that a proper and timely diagnosis could be made an/or a proper course of treatment could have been provided;

ff.    failed, and omitted, to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examination, information, services, surgery, pre- and post-surgical care, attentions, studies, laboratory and/or radiological examinations and/or facts to Plaintiff and/or his family; and

gg.    failed, and omitted, to conform to the accepted standards of care and skill in providing nursing, geriatric, nursing home and health-aide care to Plaintiff's decedent.

hh.    failed to maintain, pursuant to 42 C.F.R. §483.30, for plaintiff's decedent, **GEORGE PHILLIP KUSHNER**, the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, by supplying insufficient nursing staff;

ii.    failed to conduct, pursuant to 42 C.F.R. §483.20, with plaintiff's decedent, George Phillip Kushner, an initial (no later than 14 days after admission), comprehensive, accurate, standardized, and reproducible assessment of each resident's functional capacity;

jj.    failed to conduct, pursuant to 42 C.F.R. §483.20, on plaintiff's decedent, George Phillip Kushner, periodical (after a significant change in the resident's physical or mental condition, and in no case, less often than once every 12 months), comprehensive, accurate, standardized, and reproducible assessment of each resident's functional capacity;

kk.     failed to develop for plaintiff's decedent, George Phillip Kushner, a comprehensive care plan, pursuant to 42 C.F.R. §483.20, within days after completion of the comprehensive assessment, that describes the services that are to be furnished for each resident and includes measurable objectives and timetables to meet a resident's medical, nursing, mental, and psychosocial needs, which are identified in the comprehensive assessment; e. failed to prevent, pursuant to 42 C.F.R. §483.25, deterioration of decedent's ability to bathe, dress, groom, transfer and ambulate, toilet, eat, and use speech, language and other functional communication systems;

ll.     failed to provide, pursuant to 42 C.F.R. §483.25, for plaintiff's decedent, George Phillip Kushner, as a resident who is unable to complete activities of daily living, the necessary services to maintain good nutrition, grooming, and personal and oral hygiene;

mm.     failed to ensure that plaintiff's decedent received proper treatment, pursuant to 42 C.F.R. §483.25 and assistive devices to maintain vision and hearing abilities;

nn.     failed to provide, pursuant to 42 C.F.R. §483.25, plaintiff's decedent, George Phillip Kushner, as an incontinent resident, with appropriate treatment and services to restore as much normal bladder functioning as possible and prevent unnecessary urinary tract infections; i. failed to ensure that plaintiff's decedent received adequate supervision, pursuant to 42 C.F.R. §483.25, and assistive devices to prevent accidents;

oo.     failed to ensure, pursuant to 42 C.F.R. §483.25 that plaintiff's

decedent, George Phillip Kushner, maintained acceptable parameters of nutritional status, such as healthy body weight and protein levels;

pp.     failed to provide, pursuant to 42 C.F.R. §483.25, plaintiff's decedent, George Phillip Kushner, with sufficient fluid intake to maintain proper hydration and health.

qq.     failed to ensure that George Philip Kushner in no way developed pressure sores, pursuant to 42 C.F.R. §483.25, along with in no way providing the necessary treatment and serviced needed to promote healing, needed to prevent infection, and needed to prevent new sores from developing 94. As a result of the foregoing acts and/or omissions, plaintiff's decedent was subject to Defendants' negligence, causing plaintiff's decedent to be forced to undergo medical treatment, incur medical expenses, suffer disfigurement, disability, pain and suffering, mental anguish, and loss of enjoyment of life.

82.     That as a result of the foregoing, the plaintiff's decedent was rendered sick, sore, lame and disabled and suffered internal pain and mental anguish and extreme pain and suffering eventually leading to his wrongful death on May 30, 2003.

83.     That as a result of the negligence and/or medical malpractice of the Defendants, Decedent's distributes and the Estate of **GEORGE PHILLIP KUSHNER** have suffered damages, including pecuniary loss, as a result of the wrongful death of the deceased, **GEORGE PHILIP KUSHNER.**

84.     That by reasons of the foregoing, plaintiff's decedent and his Estate on his behalf have been damage as aforementioned.

## AS AND FOR A SIXTH CAUSE OF ACTION UNDER
## THE EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT

85.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-85 of this complaint with the same force and effect as if set forth at full length herein.

86.    That Defendants had a duty to render emergency medical care to the public in general, and plaintiff's decedent in particular, pursuant to the Emergency Medical Treatment and Active Labor Act, 42 U.S.C.A. 1395(d) *et seq.* (hereinafter "EMTALA").

87.    That in or about February 2003, plaintiff's decedent was presented to **THE VA HOSPITAL** in need of emergency care and treatment.

88.    That in or about December 2002, plaintiff's decedent was presented to **NEW YORK PRESBYTERIAN HOSPITAL AT ALLEN PAVILION and THE NEW YORK & PRESBYTERIAN HOSPITALS, INC.** in need of emergency care and treatment.

89.    That Defendants, their agents, servants and/or employees, failed, to render proper and adequate emergency medical care and treatment to plaintiff's decedent, including but not limited to, failing, to provide a medical screening exam, to determine if plaintiff's decedent had an emergency medical condition.

90.    That Defendants, their agents, servants and/or employees, failed, to render proper, adequate and emergency medical treatment to plaintiff's decedent, including but not limited to, failing, to stabilize plaintiff's decedent prior to discharge.

91.    That treatment rendered by Defendants, their agents, servants and /or employees to plaintiff's decedent violated EMTALA.

92.    That as a result of the foregoing, plaintiff's decedent has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants herein on the **FIRST** Cause of Action in the sum of $25,000,000.00 as well as punitive damages pursuant to PHL §2801-d(2), attorneys' fees pursuant to PHL §2801-d(6), and costs; on the **SECOND** Cause of Action in the sum of $25,000,000.00; on the **THIRD** Cause of Action in the sum of $25,000,000.00; on the **FOURTH** Cause of Action in the sum of $25,000,000.00; on the **FIFTH** Cause of Action in the sum of $25,000,000.00; on the **SIXTH** Cause of Action in the sum of $25,000,000.00; and interest, costs and disbursements of this action.

Dated: Hauppauge, New York
April 12, 2006

KELLY & GROSMAN, LLP
Attorneys for Plaintiff

By: _____
Steven L. Alter, Esq. (9680SA)
888 Veterans Memorial Highway, Suite 210
Hauppauge, New York 11788
Phone: (631) 864-5575
Fax: (631) 864-5572
File No.: 04-243A

## VERIFICATION

STATE OF NEW YORK    )
                                           ss.:
COUNTY OF SUFFOLK    )

I, the undersigned, am an attorney admitted to practice in the courts of the State of New York say that:

I am the attorney of record for the Plaintiff. I have read the annexed **AMENDED SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are based on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based on the contents of the file. The reason I make this affirmation instead of plaintiff is because the said plaintiff resides outside the county in which deponent has his office.

Dated: Hauppauge, New York
            April 12, 2006

                                                            Steven L. Alter, Esq. (9680SA)

ELBERT F. NASIS, ESQ.
KELLY & GROSSMAN, LLP
Attorneys for Plaintiff
888 Veterans Memorial Highway, Suite 210
Hauppauge, New York 11788
Tel:    (631) 864-5575
Fax:    (631) 864-5572

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES KUSHNER, as Administrator for the Estate of          :
GEORGE PHILLIP KUSHNER, deceased,                          :
                                            Plaintiff,     :
                                                           : Docket No.:
         -against-                                         :
                                                           :
FRANCISCAN SISTERS OF THE POOR, INC., d/b/a                :
SHERVIER NURSING CARE CENTER,                              :
NEW YORK PRESBYTERIAN HOSPITAL AT                          :
ALLEN PAVILION, THE NEW YORK &                             :
PRESBYTERIAN HOSPITALS, INC. and VETERANS                  :
ADMINISTRATION MEDICAL CENTER,                             :
                                                           :
                                            Defendants.    :

## CERTIFICATE OF MERIT

I have reviewed the materials you have supplied regarding the above case and believe that there is reasonable probability that the care, skill or knowledge exercised or exhibited by the Veterans Administration Medical Center fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm suffered by the plaintiff, George Phillip Kushner.

ANDREW SYLVESTER, M.D.

Signature: _____

Date: _____6/1/05_____

Sworn before me on this
1st day of June, 2005

_____
NOTARY              DANIEL S. DORNFELD
                    Notary Public, State of New York
                    No. 02DO5024564
                    Qualified in Suffolk County
                    Commission Expires May 9, 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JAMES KUSHNER, as the Administrator for the
Estate of GEORGE PHILLIP KUSHNER, deceased,

Index No.:05 CV 5297

Plaintiff,

-against-                                                **AFFIDAVIT OF SERVICE**

SCHERVIER NURSING CARE CENTER,
NEW YORK PRESBYTERIAN HOSPITAL AT
ALLEN PAVILLION, THE NEW YORK &
PRESBYTERIAN HOSPITALS, INC. and
THE UNITED STATES OF AMERICA

Defendants.

------------------------------------------------------------------------X

STATE OF NEW YORK            )

COUNTY OF SUFFOLK            ) ss.:

I, Latasha McIntyre, being duly sworn under the penalties of perjury, depose and says:

I am not a party to the action, am over 18 years of age and am employed at the offices of Kelly & Grossman, LLP, 888 Veterans Memorial Highway, Suite 210, Hauppauge, New York 11788.

On April 12, 2006, I served a true copy of the annexed **AMENDED SUMMONS AND AMENDED COMPLAINT by mailing** the same in a sealed envelope, with postage paid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:    Carol C. Poles, Esq.
        **STEINBERG & SYMER, LLP**
        Attorneys for Defendant
        **FRANCISCAN SISTERS OF THE POOR, INC.**
        **d/b/a SCHERVIER NURSING CARE CENTER**
        27 Garden Street
        Poughkeepsie, New York 12601
        (845) 471-4455

        Kenneth J. Platzer, Esq.
        **ROCHMAN, PLATZER, FALLICK,**
        **STERNHEIM, LUCA & PEARL**
        Attorneys for Defendant
        **NEW YORK PRESBYTERIAN HOSPITAL**
        **AT ALLEN PAVILLION, THE NEW YORK**
        **& PRESBYTERIAN HOSPITALS, INC**
        666 Third Avenue
        New York, New York 10017
        (212) 697-4090

Aaron Fields, Esq.
**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF REGIONAL COUNSEL**
Attorneys for Defendant
**THE UNITED STATES OF AMERICA**
800 Poly Place, Building 14
Brooklyn, NY 11209
(718) 630-2906

Latasha McIntyre

Sworn to before me on the
12 ᵗʰ day April, 2006

NOTARY PUBLIC

PAULA A KOLANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KO6130350
Qualified in Suffolk County
Commission Expires July 18, 2009

Index No.: 05 CV 5297

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES KUSHNER, as the Administrator for the
state of GEORGE PHILLIP KUSHNER, deceased,

Plaintiff,

-against-

SCHERVIER NURSING CARE CENTER,
NEW YORK PRESBYTERIAN HOSPITAL AT
ALLEN PAVILLION, THE NEW YORK &
PRESBYTERIAN HOSPITALS, INC. and
THE UNITED STATES OF AMERICA

Defendants.

------------------------------------------------------------------------X

## AMENDED SUMMONS AND AMENDED VERIFIED COMPLAINT

### KELLY & GROSSMAN, LLP
Attorneys for the Plaintiff
888 Veterans Memorial Highway, Suite 210
Hauppauge, New York 11788
(631) 864-5575
Our File No.: 04-243A

*Pursuant to 22 NYCRR 130.1.1, the undersigned, and attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: April 11, 2006*                *Signature:* _____

                                       *Print Name:*   Steven Alter, ESQ.(9680SA)

Service of a copy of the within AMENDED SUMMONS & AMENDED VERIFIED COMPLAINT is hereby admitted.

Dated:                                 Attorney(s) for

*PLEASE TAKE NOTICE*

   [ ]    *that the within is a (certified) true copy of a*          *entered in the*
         *Office of the clerk of the within named court on*
   [ ]    *that the*          *of which the within is a true copy will be presented for*
         *Settlement to the Hon.*          *, one of the judges of the within named court, on*